# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:08-cv-00413-FDW

| | |
|---|---|
| **CORPORATE FLEET SERVICES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **WEST VAN, INC., GENERAL** ) | |
| **AVIATION SERVICES, LLC, and** ) | |
| **WEST VAN, INC. / GENERAL** ) | |
| **AVIATION SERVICES, LLC,** ) | |
| a General Partnership, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

THIS MATTER comes now before the Court upon Plaintiff's "Motion for Entry of Default and Default Judgment as to West Van, Inc., and Alternative Motion to Strike" (Doc. No. 8). Plaintiff filed its Complaint in Mecklenburg County Superior Court on August 6, 2008. Defendant General Aviation Services, LLC, on behalf of itself and the alleged partnership with West Van, Inc., removed the action to this Court on September 5, 2008 (Doc. No. 1). Defendant General Aviation Services has filed for, and been granted, a motion for extension of time to answer Plaintiff's Complaint. Defendant West Van, however, has not filed for an extension, and has failed to plead within the allotted time. Instead, Defendant West Van mailed a putative "Response to Complaint and Counter Claim" directly to Plaintiff (Doc. No. 9, Ex. 5).

Defendant West Van's mailing is insufficient as an answer and/or counterclaim for two reasons. First, under this Court's local rules, "All documents submitted for filing in this district shall be filed electronically unless expressly exempted." L.R. Civ. P. 5.2.1(B). No exemptions apply in this case. Second, West Van's mailing is signed by its Vice President, Rick Kloepfer. There is no

indication that Mr. Kloepfer is an attorney licenced to practice law in this district. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993). Defendant West Van may only appear by and through an attorney duly licensed to practice law.

Despite these deficiencies, the Court declines to order the entry of default against Defendant West Van at this time. Federal Rule of Civil Procedure 55(a) states that entry of default is appropriate against a party who has "failed to plead or otherwise defend." There is no question that Defendant West Van has failed to adequately plead, but it has made an attempt, however feeble, to otherwise defend. The inefficacy of this attempt notwithstanding, the Court is of the opinion that entry of default is premature. Accordingly,

Defendant West Van, Inc., is hereby ORDERED to retain duly licenced counsel and to adequately plead or otherwise defend itself within twenty (20) days. Failure to do will result in an entry of default and, potentially, a default judgment. The Court therefore DEFERS RULING UPON Plaintiff's Motion for Entry of Default for twenty (20) days. Plaintiff's Alternative Motion to Strike is DENIED, as the Court cannot strike a pleading that, under its rules, has not been filed.

The Court directs the Clerk of Court to forward a copy of this Order to Defendant West Van, Inc., 275 Carrier Drive, Toronto, Ontario, Canada, M9W 5Y8.

IT IS SO ORDERED.                    Signed: September 30, 2008

Frank D. Whitney
United States District Judge