# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:08-cv-00413-FDW

| | |
|---|---|
| **CORPORATE FLEET SERVICES,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )      **ORDER**<br>) |
| **WEST VAN, INC., GENERAL AVIATION SERVICES, LLC,** and **WEST VAN, INC. / GENERAL AVIATION SERVICES, LLC,** a General Partnership, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER comes now before the Court upon the motion of Defendant General Aviation Services, LLC ("General Aviation"), to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and in the alternative to transfer venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) (Doc. No. 11). Defendant West Van, Inc. ("West Van"), has joined in the motion to transfer venue (Doc. No. 17). For the reasons stated below, Defendants' Motions are DENIED.

## I. BACKGROUND

Plaintiff is a North Carolina general partnership with its principle place of business in North Carolina. West Van is a Canadian corporation with its principle place of business in Ontario, Canada. General Aviation is a Delaware limited liability company with its principle place of business in Illinois. On May 20, 2008, Plaintiff and West Van entered in a Purchase Agreement for the purchase of a Bombardier Challenger 601-3A/ER aircraft (the "Aircraft"). The Purchase

Agreement contains a consent to jurisdiction clause, stating that the parties "expressly and irrevocably consent to jurisdiction of the State and Federal courts of Mecklenburg County, North Carolina." (Pl.'s Am. Compl., Ex. A. ¶ 25.) Plaintiff alleges that, under the Purchase Agreement, West Van was required to enroll the Aircraft's engines in an Engine Program, failed to enroll the engines, and that said failure has cost Plaintiff $800,000.00. Plaintiff further alleges that General Aviation was West Van's partner in the deal, as evidenced by General Aviation's numerous contacts with Plaintiff leading up to the Purchase Agreement and General Aviation's profit sharing arrangement with West Van for the sale of the Aircraft.

## II. GENERAL AVIATION'S MOTION TO DISMISS

Plaintiff and General Aviation disagree as to the applicable standard for a Rule 12(b)(2) motion. Plaintiff argues that, because the Court is only presented with the Complaint and legal memoranda, Plaintiff need only demonstrate a *prima facie* case of personal jurisdiction. General Aviation argues that Plaintiff must prove its case for personal jurisdiction by a preponderance of the evidence. The United States Court of Appeals for the Fourth Circuit has stated the standard thusly:

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the . . . burden [is] on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence. If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. But when . . . the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citations omitted). So, both parties have cited

correct standards, and the issue is whether the jurisdictional dispute requires factual findings or is, for the present, purely a question of law.

The Court is of the opinion that the allegation of a partnership between General Aviation and West Van is one that "turns on disputed factual questions," namely whether Defendants had, in fact, formed a partnership and whether West Van was acting as General Aviation's agent when it signed the Purchase Agreement. The parties have submitted conflicting affidavits on this point. Thus, a *prima facie* showing is insufficient, and Plaintiff must demonstrate by a preponderance of the evidence that there was a partnership and that West Van was acting as General Aviation's agent in consenting to jurisdiction. However, this intensely factual inquiry cannot be adequately demonstrated in the current procedural posture, where the parties have not yet conducted general discovery, especially considering the importance that these issues will play in deciding the merits of this case. Therefore, the Court will defer ruling on the issue of partnership, agency, and consent until further factual discovery can be had.

On the other hand, General Aviation's contention that the Court cannot exercise personal jurisdiction under the North Carlina long-arm statute and the Constitution is a purely legal question, and Plaintiff need only make a *prima facie* showing of jurisdiction at this point. For this court to have jurisdiction over General Aviation, "North Carolina's long arm statute must authorize jurisdiction and the defendant must be afforded his constitutional right to due process." Acosta v. Byrum, 638 S.E.2d 246, 252 (N.C. App. 2006). North Carolina courts have interpreted N.C. Gen. Stat. § 1-75.4(1)(d) to permit the exercise of personal jurisdiction to the outer limits allowable consistent with the Due Process Clause of the United States Constitution. Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C. 1977). Thus, the sole inquiry is "whether the

defendant has the minimum contacts with North Carolina necessary to meet the requirements of due process." A.R. Haire, Inc. v. St. Denis, 625 S.E.2d 894, 899 (N.C. App. 2006).

Personal jurisdiction may be either general or specific. General jurisdiction exists when the defendant has sufficient "continuous and systematic" contacts with the forum state that he may be haled into court in that forum on any claim. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). "Specific jurisdiction is more narrow, existing where the suit against the defendant arises out of [its] contacts with the forum state, or is related thereto." IMO Industries, Inc. v. SEIM s.r.l., No. 3:05-cv-420, 2006 WL 3780422, at *2 (W.D.N.C. Dec. 20, 2006).

In this case, Plaintiff asserts both specific and general jurisdiction, but it is upon specific jurisdiction that the Court wishes to focus. The Fourth Circuit has synthesized the requirements of the Due Process Clause for asserting specific jurisdiction into the following three-part test: (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294-95 (4th Cir. 2005).

Regarding the first factor of purposeful availment, General Aviation does not dispute that it has engaged in acts "aimed at a plaintiff who is located in the forum." Sea-Roy Corp. v. Parts R Parts, Inc., No. 9:94-cv-59, 1996 WL 557857, at *6 (M.D.N.C. July 30, 1996). It argues, however, that these activities are distinguishable from acts "aimed at the forum itself," id., and that only the latter constitute purposeful availment, while the former do not. General Aviation fails to mention that the Sea-Roy case, and the case upon which it relies, Covenant Bank for Sav. v. Cohen, 806 F. Supp. 52, 56 (D.N.J.1992), deals with defendants who received unsolicited communications from

the plaintiff. Sea-Roy, 1996 WL 557857, at *6 ("[P]ersonal jurisdiction cannot be exercised over a foreign supplier who has no contact with the forum other than being solicited to contract by an individual in the forum."); Covenant Bank, 806 F. Supp. at 56 ("Defendants' sole act was to respond to [plaintiff's] unsolicited request for information.").[1]

This case presents very different facts. Plaintiff's allegation, which General Aviation has not disputed, is that "Plaintiff's employee Patrick Murphy ('Murphy') received an unsolicited telephone call, made to Murphy at Plaintiff's offices in North Carolina, from Brett Forrester at General Aviation." (Pl.'s Mem in Opp'n at 8.) This initial, unsolicited phone call from General Aviation to Plaintiff was followed by several other calls and emails originating with General Aviation and directed to Plaintiff. Because this contact was initiated and continually renewed by General Aviation, the distinction drawn by Sea-Roy and Covenant Bank is inapplicable. Thus, the Court holds that General Aviation, beginning with its unsolicited call to Plaintiff and continuing through the talks that led to Plaintiff's purchase of the Aircraft from West Van, purposefully availed itself of the privilege of conducting activities in North Carolina.

The second factor is easily dispensable as Plaintiff's claims clearly arise out of the activities directed at North Carlina. General Aviation's solicitations led to the Purchase Agreement between Plaintiff and West Van, which is the subject of this litigation. The second factor is therefore

---

[1] The issue of who initiated contact has been dispositive in a number of other cases as well. See, e.g., Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 451 (4th Cir. 2000) ("The contract between [plaintiff] and [defendant] was initiated by [defendant] . . . . Formed in these circumstances, the contract represents the product of [defendant's] favorable response to [plaintiff's] unsolicited invitation for performance of a project in Ohio."); Worldwide Ins. Network, Inc. v. Trustway Ins. Agencies, LLC, No. 1:04-cv-906, 2006 WL 288422, at *5 (M.D.N.C. Feb. 6, 2006) ("[T]he Fourth Circuit has given great weight to the question of who initiated the contact between the parties. . . . In this case, [plaintiff] contacted Defendants in Georgia . . . ."); Cree, Inc. v. Exel North American Logistics, Inc., No. 1:02-cv-319, 2004 WL 241508, at *3 (M.D.N.C. Feb. 6, 2004) ("[Plaintiff's] purposeful availment is most clearly evidenced by its solicitation of [defendant's] business.").

satisfied.

Finally, the factors for constitutional reasonableness are "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies." Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 946 (4th Cir. 1994). General Aviation has focused upon the first factor, arguing that it would be unduly burdensome for it to defend this action in North Carolina. This burden, however, is no different from the burden that would be placed on Plaintiff if required to litigate in Illinois, or upon West Van in either event given its proximity to neither location. General Aviation also maintains that North Carolina has no interest in the distribution of profits between two non-residents. However, this misstates the essence of Plaintiff's allegations, as Plaintiff essentially alleges that General Aviation, as West Van's partner, breached a contract entered into in North Carolina for the sale of the Aircraft. These allegations, assumed for present purposes to be true, certainly provide North Carolina with an interest in this case. General Aviation has not addressed the final three factors, and the Court sees nothing within them that would make its exercise of personal jurisdiction over General Aviation constitutionally unreasonable.

Therefore, because the three-part test of New Wellington has been satisfied, the Court holds that it has specific personal jurisdiction over Defendant General Aviation. Having found specific jurisdiction, the Court need not address the parties' arguments regarding general jurisdiction.

### III. DEFENDANTS' MOTION TO TRANSFER VENUE

In the alternative, both Defendants have moved to transfer venue pursuant to 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a), a court with proper jurisdiction and venue may transfer a case

to another district where it might have been brought if transfer serves "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a). Under § 1404(a), a district court "must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of the 'interest of justice.'" Brock v. Entre Computer Centers, Inc., 933 F.2d 1253, 1258 (4th Cir. 1991). Specifically, courts have considered the following factors in determining transfer:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

Of primary importance is the plaintiff's choice of forum, which is "accorded substantial weight . . . proportionate to the relation between the forum and the cause of action." Parham v. Weave Corp., 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004). Plaintiff has chosen North Carolina as the forum for its lawsuit, a reasonable choice given Plaintiff's location and the fact that Plaintiff was contacted, negotiated the terms, and eventually entered into the Purchase Agreement in North Carolina.

The other factors are largely neutral and are insufficient to overcome the substantial weight of Plaintiff's choice of forum. Presumably, sources of proof in this case will come from North Carolina, Illinois, and Canada, making the second factor neutral. Regarding the third, fifth, and sixth

factors, the Court is not persuaded that litigation in the Western District of North Carolina will be materially different from litigation in the Northern District of Illinois. The fourth factor is irrelevant. General Aviation makes much of the seventh factor, namely that trial in North Carolina will be unduly burdensome and expensive. There will, no doubt, be some additional expense to conducting litigation in North Carlina, but this expense is no greater than what would be borne by Plaintiff were it required to travel to Illinois. In addition, it is difficult to see how Illinois is preferable to North Carolina for West Van, when it must travel in excess of 500 miles in any event. The remainder of the factors either weigh against Defendants, such as this Court's relative congestion to the Northern District of Illinois, or are neutral. The Court therefore holds that transferring this case to the Northern District of Illinois would not serve the interests of justice.

## IV. CONCLUSION

Because of the factual findings necessary to determine whether West Van and General Aviation formed a partnership, and whether West Van was acting as agent to General Aviation when it entered into the Purchase Agreement, the Court defers ruling upon that issue for the present time. However, it is clear to the Court that it has specific personal jurisdiction over Defendant General Aviation because General Aviation initiated contact with the Plaintiff that, after a series of further communications, culminated in the Purchase Agreement and the sale of the Aircraft. If the affirmative solicitation of business in North Carolina and negotiations thereto, culminating in the purchase of a ten million dollar aircraft, do not provide this Court with specific personal jurisdiction, it is difficult to imagine what would. That doctrine is necessarily less strict than the continuous and systematic contacts necessary for general jurisdiction. Therefore, Defendant General Aviation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 11) is DENIED.

Given the facts of this case, the Court will not disturb Plaintiff's choice of forum. Thus, Defendant General Aviation's Motion to Transfer Venue (Doc. No. 11), joined by Defendant West Van (Doc. No. 17), is also DENIED.

IT IS SO ORDERED.   Signed: November 17, 2008

Frank D. Whitney
United States District Judge