**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08-cv-413-FDW-DCK**

| | | |
|---|---|---|
| **CORPORATE FLEET SERVICES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>**ORDER**</u> |
| | ) | |
| | ) | |
| **WEST VAN, INC., and** | ) | |
| **WEST VAN, INC./GENERAL** | ) | |
| **AVIATION SERVICES, LLC,** | ) | |
| a General Partnership, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "General Aviation Services, LLC's Motion to Quash Service of Process on 'West Van, Inc./General Aviation Services, LLC General Partnership' and Strike the Affidavit of Christopher P. Raab" (Document No. 22). The Plaintiff opposes the motion. (Document No. 32). This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.A. § 636(b)(1)(A) and is ripe for review. Having fully considered the record, the undersigned will **DENY** the motion for the following reasons:

This case involves a breach of contract dispute over the purchase of an aircraft by Plaintiff Corporate Fleet Services ("Corporate Fleet") from Defendant West Van, Inc. ("West Van"). Corporate Fleet alleges in its amended complaint that "[o]n or about May 30, 2008, General Aviation and West Van entered into the Partnership whereby they agreed to evenly divide any profits made from the sale of the Aircraft to the Plaintiff" and that "West Van entered into the Purchase

Agreement on behalf of the Partnership as the duly authorized and acting general partner." (Document No. 3, ¶¶ 16, 17). The Plaintiff names this alleged partnership as a Defendant in this case and indicates it has served the partnership in accordance with the requirements of the Rule 4 of the Federal Rules of Civil Procedure.

In its motion, General Aviation Services, LLC ("General Aviation") contends that service should be quashed because the alleged general partnership does not exist.[1] General Aviation also contends that the Court should strike the affidavit of Christopher P. Raab, wherein Raab indicates that service upon the alleged partnership is evidenced by the receipt of the summons and amended complaint by Lexis Document Services, Inc., the agent for General Aviation.

Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure provides that service on a partnership must follow the laws of the state where the district court is located, in this case, North Carolina. Fed. R. Civ. P. 4(h)(1)(A). Under North Carolina state law, service on partnerships is governed by Rule 4(j)(7)(a) of the North Carolina Rules of Civil Procedure. That Rule provides for service upon a general partnership "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to any general partner, or to any attorney-in-fact or agent authorized by appointment or by law to be served or to accept service of process in its behalf . . . ." N. C. R. Civ. P. 4(j)(7)(a).

The Plaintiff filed an "Affidavit of Service by Certified Mail," which indicated that attorney Christopher P. Raab had served the summons and amended complaint upon the alleged partnership on September 25, 2008, by sending copies of those documents via certified mail to Lexis Document

---

[1] After an agreed settlement with the Plaintiff, General Aviation Services, LLC, was dismissed from this case on December 17, 2008. (Document No. 35).

Services Inc., the registered agent for General Aviation. (Document No. 13). The affidavit asserts that General Aviation is a general partner of the Partnership. (Affidavit of Service ¶ 4).[2] The Plaintiff asserts that it is entitled to bring suit against the alleged partnership directly and "has properly perfected service on the same" in conformity with the applicable rules for service. (Document No. 32, p. 1).

With respect to the disputed existence of the partnership, the Plaintiff asserts that it has pleaded "sufficient facts to support the existence of the Partnership (Amend. Complt. ¶¶ 16–19), and has further alleged injury sustained due to the actions of the Partnership (*Id*. at ¶¶ 17, 19, 30)." (Document No. 32, p. 2). The Plaintiff argues that General Aviation is "essentially requesting summary judgment" regarding the existence of the partnership. (Document No. 32, p.2). The parties cite little or no case law on this point, and research does not reveal much. In one maritime case, the court considered a similar issue and held:

> "[T]aken alone, the contention of the Defendant (to wit, the Plaintiff has the wrong Defendant before the Court because it never owned the S.S. Coastal California) is not properly before the Court. Such an issue would have been properly before this Court had a Motion for Summary Judgment been filed pursuant to Fed.R.Civ.P. 56. We cannot transform a Motion to Quash Service of Process into a Summary Judgment Motion without substantially prejudicing the rights of the Plaintiff." *Gavelek v. Coscol Petroleum Corp.*, 491 F.Supp. 188, 193 -194 (E.D. Mich. 1979).

---

[2]General Aviation also indicates that on September 8, 2008, the Plaintiff mailed it the following documents: a civil summons to General Aviation Services, LLC; a civil summons to "West Van, Inc. / General Aviation Services, LLC, a General Partnership"; CFS's amended and restated complaint; an unsigned form indicating acceptance of service on behalf of General Aviation Services, LLC; and an unsigned form indicating acceptance of service on behalf of the alleged partnership. On September 19, 2008, counsel accepted service on behalf of General Aviation Services, LLC, but informed Plaintiff's counsel that he could not accept service on behalf of the partnership because no such entity existed. (Document No. 22-2, p.2).

The *Gavelek* court ultimately found that the Plaintiff had sued the wrong party because "the uncontradicted affidavits indicate that the Defendant did not own the subject vessel at the time of the alleged injury, and the Plaintiff was not in its employ when the injury occurred...the undisputed affidavits further indicate that Sequoia Tankers, Inc., the entity whom the Defendant identifies as the owner of the S.S. Coastal California, and as the employer of the Plaintiff at the time of the alleged accident, has never conducted business in Michigan nor has it any office, employees or representatives in this state" *Id.* at 193 -194.

In the present case, the court does not have the type of information before it that would permit a decision on the alleged formation of the partnership. The North Carolina Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." N.C.G.S. § 59-36(a); and see, *Harrell Oil Co. of Mount Airy v. Case*, 543 S.E.2d 522, N.C.App.,2001 (holding that determination of whether a partnership exists involves examining all the circumstances); *Rhue v. Rhue*, 658 S.E.2d 52 (2008) (same).

The Defendant cites a case from this Court for the proposition that service upon a non-existent entity may be quashed. *Morton v. Delaporte*, 2006 WL 2884165, at *1 (W.D.N.C.). The Plaintiff counters that "no facts or circumstances for the quashing of service are provided in that opinion" and that "[g]iven the complete absence of any background or reasoning for the court's decision, *Morton* can hardly be taken as authority for General Aviation's position that quashing service on the Partnership is appropriate in this case." (Document No. 32, p. 2 fn.1).

The docket in *Morton* reflects that the plaintiff, a pro se prisoner, had attempted to serve "the Medical UR Board." The Defendants moved to quash and provided an affidavit of the Director of Health Services for the Division of Prisons of the North Carolina Department of Corrections. The

affidavit indicated that individual medical personnel conducted medical reviews and that there was no "UR Board" as a separate entity. The Court quashed service, but gave the Plaintiff leave to amend his complaint to name the persons that Plaintiff "believes were deliberately indifferent to his serious medical needs." (Document No. 20, p. 2, Case 1:04-cv-00058-GCM). There, the Plaintiff had received all his medical records in discovery, and the Court essentially gave him the opportunity to name the proper parties as defendants in the lawsuit.

In the present case, the situation is quite different. Discovery is ongoing, and the deadline for completion of discovery does not expire until July 28, 2009. (Document No. 41). The Plaintiff has pleaded in the amended complaint that this partnership exists. Given that the parties dispute whether the partnership was ever formed, given that discovery is not complete, and given that the essential requirements for service have otherwise been met, the undersigned will deny the motion to quash at this time. This Order is, of course, without prejudice to the ability of the parties to file dispositive motions regarding the existence of the partnership upon the conclusion of discovery.

**IT IS THEREFORE ORDERED** that the "General Aviation Services, LLC's Motion to Quash Service of Process on "West Van, Inc./General Aviation Services, LLC General Partnership and Strike the Affidavit of Christopher P. Raab" (Document No. 22) is **DENIED**.

**IT IS SO ORDERED**.

Signed: March 18, 2009

_____
David C. Keesler
United States Magistrate Judge